UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDRA P.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-06032-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Sandra P. has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons below, the undersigned reverses defendant's decision to deny benefits and remands for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits, alleging that she became disabled beginning February 17, 2012. Administrative Record (AR) 13. That application was denied on initial administrative review and on reconsideration. A hearing

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 1

was held before an administrative law judge (ALJ), and plaintiff and a vocational expert testified. AR 10-31.

In a written decision, the ALJ found that plaintiff has the following severe impairments: mild osteoarthritis of the right knee, lumbar spondylosis, and obesity. AR 15. The ALJ concluded that plaintiff could perform her past relevant work and therefore that she was not disabled. AR 21-26. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1.

Plaintiff appealed to this Court. Dkt. 4; 20 C.F.R. § 404.981. She seeks reversal of the ALJ's decision and remand for an award of benefits, or in the alternative for further administrative proceedings. Dkt. 12.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.*

.

ISSUES FOR REVEW

1. Did the ALJ err in failing to incorporate limitations from hepatitis C and bladder problems in the RFC?

2. Did the ALJ err in discounting examining and reviewing medical opinions?

3. Did the ALJ err in discounting plaintiff's testimony about her symptoms?

4. Did the ALJ err in discounting the testimony of plaintiff's daughter?

5. Did the ALJ err in assessing plaintiff's RFC and, consequently, finding plaintiff not disabled at step four?

6. If the ALJ committed reversible error, should the Court remand for an award of benefits?

DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled, and at step four assesses a claimant's residual functional capacity (RFC) to determine whether a claimant can perform past relevant work. If the claimant cannot perform past work, the Commissioner then uses the RFC to determine at step five whether the claimant can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The Commissioner has the burden of proof at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Commissioner can meet this burden by showing that a significant number of jobs that the claimant can perform exist in the national economy. *Id.*; 20 C.F.R. § 404.1520(e).

I. Non-Severe Impairments

Plaintiff first contends generally that the ALJ "failed to properly evaluate the medical evidence." She summarizes that evidence at length, Dkt. 12, pp. 3-10, but she identifies only two potential sources of error in the ALJ's discussion: the ALJ's failure to find hepatitis C and bladder problems to be severe impairments and resulting failure to include limitations from these conditions in the RFC; and the ALJ's failure to give adequate reasons for discounting the

medical opinions of Dr. McGuffin and two state-agency consulting psychologists. Plaintiff's second argument has merit and is discussed below.

However, plaintiff does not identify any error in the ALJ's consideration of evidence of her hepatitis C and bladder problems. She asserts that the ALJ was incorrect in finding hepatitis C to be non-severe based on her successful completion of treatment, in August 2015, because that condition could have been a severe impairment from the alleged onset date until that date. Dkt. 12, p. 9. But the Ninth Circuit has held that as long as an ALJ decides step two of the sequential evaluation in a claimant's favor, an error in failing to designate a particular condition "severe" at step two is harmless. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

Similarly, plaintiff disputes the ALJ's finding that the record lacks "clinical findings or documented medical history" for plaintiff's overactive bladder condition. AR 16; Dkt. 12, p. 9. But plaintiff does not identify evidence in the medical record to show limitations from her bladder condition that the ALJ should have included in the RFC.

Plaintiff does not clearly assign error to the ALJ's decision regarding these conditions. But even if plaintiff properly raises the ALJ's failure to include these as severe impairments, she does not identify any harm from this error, because she points to no evidence that the impairments affect her work functions. *See* Dkt. 12, p. 9; *Buck*, 869 F.3d 1048-49. The only such effect plaintiff asserts is that hepatitis C caused her to be fatigued, and she does so only in her reply brief. Dkt. 19, pp. 3-4. The treatment notes that she cites support the opposite conclusion, however. *Id.*; AR 329 (plaintiff denied fatigue), 587 ("end of [hepatitis C] treatment[,] viral load is undetectable"). Accordingly, the ALJ did not err in failing to include limitations from hepatitis C and bladder problems in plaintiff's RFC.

II. <u>Medical Opinion Evidence</u>

Plaintiff asserts that the ALJ erred in rejecting the opinions of examining psychologist Gary McGuffin, Psy.D., and of reviewing psychologists Michael Brown, Ph.D., and John Robinson, Ph.D.

Dr. McGuffin examined plaintiff in June 2015. AR 406. He completed a thorough psychological evaluation, reviewing prior evaluations, conducting a clinical interview, performing a mental-status examination, and performing several tests evaluating her memory and cognitive abilities (WAIS-IV, WMS-IV, Trail Making Tests A and B). AR 406-30. He diagnosed plaintiff with "major depressive disorder recurrent episodes, moderate," and generalized anxiety disorder. AR 430.

Dr. McGuffin described plaintiff's prognosis as "guarded due to her mental limitations from anxiety, depression, and memory difficulty," limiting her functioning to "a mild-to-moderate degree." AR 431. He added that her prognosis "is complicated by arthritic pain, hepatitis-C, sleep apnea, and a history of chronic drug abuse." He wrote that plaintiff "is above average intellectually, and her mental functioning is seen as being capable of improving in the next twelve months." AR 431.

Dr. McGuffin observed that plaintiff "has learned strategies that have helped compensate for her memory difficulties." AR 431. He also observed that plaintiff was able to "exhibit good attention and concentration for extended periods during this evaluation." *Id.*

Regarding specific limitations, Dr. McGuffin wrote that plaintiff's "ability for adaptation seems mildly-to-moderately limited because of some deficits with memory, especially when reliant on visual details and spatial locations." AR 431. Because of this limitation, Dr. McGuffin wrote, "to learn a work routine or respond to changes in a work routine, [plaintiff] would benefit

from utilizing her audio and verbal skills and be given extended time to process information and take notes." *Id.*

Dr. McGuffin concluded that plaintiff "is quite capable, but does have significant deficits with visual details and spatial locations." He opined that "[s]he would initially require repetition and supportive supervision for new work tasks, especially tasks emphasizing visual details and spatial locations, until she developed strategies to increase her independence." AR 432.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo*, 871 F.3d at 675. Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*

Here, the ALJ gave "some weight" to Dr. McGuffin's opinion but, notably, declined to include any mental-health limitations in plaintiff's RFC. AR 21, 24. Because another examining psychologist, Langdon Poppleton, Ph.D., gave an opinion that conflicted with Dr. McGuffin's, AR 344, the ALJ needed to give specific and legitimate reasons to discount Dr. McGuffin's opinion. *See Trevizo*, 871 F.3d at 675.

The ALJ failed to do so.

First, the ALJ found that Dr. McGuffin's opinion that plaintiff would require special supervision and instruction for new work tasks was "moot because the overall record reflects that she can return to her past relevant work, which she already knows and would not need to relearn." AR 24. This is not a legitimate reason to discount Dr. McGuffin's opinion that plaintiff would need accommodations or to find that opinion "moot." The Social Security regulations required the ALJ to weigh Dr. McGuffin's opinion in assessing plaintiff's RFC, then to use that RFC to determine whether plaintiff can perform her past work. 20 C.F.R. § 404.1520(e), (f).

Instead, the ALJ made backward assumptions, first finding that plaintiff can perform her past work, then using that finding to discount the limitation that Dr. McGuffin found. *Cf. Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017) (holding that "ALJ took a backward approach to determining [claimant's] credibility" by finding claimant's "testimony was not credible 'to the extent [it was] inconsistent with the ... [RFC]'").

Second, the ALJ explained that Dr. McGuffin "appears to be compensating for the claimant's reported physical impairments which is outside the scope of his evaluation." AR 24. And because the ALJ found that plaintiff exaggerated the severity and frequency of her physical impairments, the ALJ concluded that in relying on those reports "Dr. McGuffin overcompensated in rendering his opinion of her mental functioning capacity for basic work." *Id.*

The ALJ was apparently referring to Dr. McGuffin's note that plaintiff's prognosis "is complicated by arthritic pain, hepatitis-C, sleep apnea, and a history of chronic drug abuse." AR 431. But the ALJ's inference is not a reasonable one: as noted above, Dr. McGuffin performed an extensive suite of psychological tests to assess plaintiff's capabilities. AR 408-30. Nothing in Dr. McGuffin's 27-page written evaluation suggests that he arrived at his conclusions to "compensat[e]" for plaintiff's physical impairments. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (Court will uphold ALJ findings "if supported by inferences reasonably drawn from the record"). Accordingly, this reason is neither legitimate nor supported.

Because the ALJ failed to give specific, legitimate, and supported reasons to reject Dr. McGuffin's opinion, and that opinion contained limitations that were not included in the RFC, reversal is required for the Commissioner to reweigh Dr. McGuffin's opinion.

In addition, plaintiff challenges the ALJ's reason for rejecting the opinions of reviewing psychologists, Drs. Brown and Robinson. Dkt. 12, p. 10.

Those doctors reviewed plaintiff's medical records to assess her RFC as part of the disability process. Dr. Brown opined, in relevant part, that plaintiff is "moderately limited" in her ability to maintain concentration and attention for extended periods; to perform activities within a schedule, maintain regular attendance, and be punctual; and to complete a normal workday and workweek without interruption from psychological symptoms. AR 61-62. Dr. Robinson opined to the same limitations, adding that plaintiff would also be moderately limited in her ability to sustain a routine without special supervision. AR 81.

The ALJ was required to give specific and legitimate reasons to reject this opinion evidence from non-examining psychologists. *See Revels*, 874 F.3d at 654 (specific and legitimate reasons required to reject reviewing physician's contradicted opinion).

Here, the ALJ gave "no weight" to the reviewing opinions, which the ALJ found related to the paragraph B criteria under the social security listings for mental-health conditions, explaining only that "the B criteria has been changed in the regulations." AR 25; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00.

Plaintiff's challenge has merit, as the ALJ's single reason for rejecting Drs. Brown and Robinson's opinions was not legitimate. *See* AR 25. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). As plaintiff correctly notes, the change in the paragraph B criteria that the ALJ referred to did not affect the areas of functioning in which, according to Drs. Brown and Robinson, plaintiff has limitations. Accordingly, the ALJ failed to offer a substantive basis for her conclusion regarding those opinions. *Garrison*, 759 F.3d at 1012-13. On remand, the Commissioner must reweigh the reviewing psychologists' opinions.

III.   Plaintiff's Symptom Testimony

Plaintiff also contends that the ALJ erred in discounting her symptom testimony.

In weighing a plaintiff's testimony, an ALJ must use a two-step process. First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Trevizo*, 871 F.3d at 678. If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

Here, plaintiff testified regarding pain in her neck, back, and knee, fatigue, difficulty learning new things, memory problems, difficulty concentrating, and issues with her bladder. AR 38-40, 43-47, 51.

The ALJ failed to give clear and convincing reasons to discount this testimony. *See* AR 22-24.

First, the ALJ did not make specific written findings to justify rejecting much of plaintiff's testimony about her symptoms. The only findings the Court can identify relate specifically to plaintiff's bladder problems, AR 22, her back and knee problems, AR 23, and an instance of head trauma, AR 23-24. As to the primary complaints that plaintiff testified to—her ability to learn, concentrate, and remember—the ALJ did not discuss her testimony at all.

The Commissioner offers three reasons that, she asserts, support the ALJ's rejection of plaintiff's testimony. This Court may not rely on post-hoc rationalizations to affirm an ALJ's decision. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Moreover, even if the ALJ gave these reasons

in support of her decision to discount plaintiff's testimony, they are not clear and convincing and supported by substantial evidence.

First, the Commissioner asserts that the ALJ found plaintiff's statements about her reasons for not working were inconsistent. The ALJ wrote: "She initially lost her job in 2012 due to what she said was the 'economic downturn,' not due to any medical condition, though she did add as an afterthought later that she was missing some work." AR 22. Giving two reasons for being laid off is not the same as making inconsistent statements. The ALJ did not make the finding the Commissioner now asserts. Further, even if the ALJ made such a finding, it would not be a clear and convincing reason to reject plaintiff's testimony, as the ALJ did not explain any inferences she drew with respect to plaintiff's claimed symptoms. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (ALJ's findings "must be supported by specific, cogent reasons," which ALJ can do "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings").

Second, the Commissioner asserts that the ALJ found plaintiff's activities are inconsistent with her testimony about her symptoms. The ALJ offered this reason only with respect to plaintiff's bladder problems. AR 22. It thus cannot be used to justify rejecting plaintiff's testimony about her pain or cognitive difficulties. In addition, substantial evidence does not support this reason with respect to plaintiff's bladder problems, as the record contains no details about the availability of bathrooms to plaintiff while volunteering at the library, or whether plaintiff, in performing a volunteer job, had similar restrictions in using the bathroom to those she would have in a full-time paid job.

And third, the ALJ cites a lack of support from objective evidence. Inconsistency with the medical evidence is a permissible factor in evaluating a claimant's testimony. *See* 20 C.F.R. §

404.1529(c)(4). However, the ALJ offered this reason only with respect to plaintiff's back and knee problems. AR 22-23. This reason also cannot be used to justify rejecting plaintiff's testimony about her cognitive difficulties. Further, even if the record supports the ALJ's finding that the record contains "minimal signs and findings" that support plaintiff's testimony about back and knee pain, an ALJ cannot reject a claimant's pain testimony based solely on a lack of support from objective evidence. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). And the ALJ gave no other reasons for rejecting plaintiff's testimony about back and knee pain.

Because the ALJ offered no clear, convincing, and supported reasons to reject plaintiff's testimony, the ALJ erred in doing so.

IV. Lay Testimony

Finally, plaintiff contends the ALJ failed to give germane, supported reasons to reject the testimony that plaintiff's daughter gave in a third-party function report. Plaintiff's daughter testified about plaintiff's limitations from pain, fatigue, and depression. AR 171-78. The ALJ gave "little weight" to this testimony because she found that plaintiff's hepatitis C had resolved within three months, plaintiff had not sought formal health care, the medical evidence did not support the witness's reports about plaintiff's limitations from pain and depression, and to the extent the witness relied on plaintiff's self-reports, the witness's testimony was "out of proportion with the medical findings." AR 25.

Because, as discussed above, the ALJ made numerous errors in evaluating both the medical evidence and plaintiff's testimony, and the ALJ relied on those flawed analyses in evaluating the lay witness testimony, the ALJ should reweigh the lay testimony on remand.

V. RFC Assessment and Step-Four Determination

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. Social Security Ruling (SSR) 96-8p, 1996 WL

374184, at *2. However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ is also required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the RFC to perform "light work," with the added limitations that plaintiff is able to "occasionally climb ramps and stairs, but never ropes, ladders, or scaffolds; she can occasionally balance, stoop, crouch, crawl or kneel. She should avoid concentrated exposure to extremes of heat and cold, as well as hazards such as working at unprotected heights or around machinery with moving parts or vibrations." AR 21.

The ALJ's RFC assessment did not completely and accurately describe all of the plaintiff's functional limitations. Accordingly, the ALJ erred in assessing plaintiff's RFC.

At step four, the ALJ determined that plaintiff had the RFC to perform the requirements of her past relevant work as a customer service representative and civil service support specialist. AR 25; 20 C.F.R. § 404.1520(f). The ALJ based this determination on the evidence in the record and the vocational expert's testimony that a person of the plaintiff's age, experience, and limitations would be able to perform these jobs. *Id.* Because the RFC did not include limitations that the ALJ improperly rejected, as discussed above, the ALJ's finding at step four was error.

VI. Remand for Further Proceedings

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berry hill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for

further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, plaintiff contends that the Court should remand for an award of benefits because, if the improperly rejected evidence is credited as true, plaintiff would be unable to perform her past work. She also contends that because she was of "[a]dvanced age" under the regulations, even if she could perform light work, the medical-vocational rules would mandate a finding that she is disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, Rule 202.06. Medical Vocational Rule 202.06 directs a finding of disability where a claimant is limited to light work, is of advance age (55 and older), has a high school education and does not have transferrable skills. *Id.*

The Commissioner responds that "the record is far from clear that Plaintiff was, in fact, disabled during the period at issue, rendering the credit-as-true rule inapplicable." Dkt. 18, p. 16.

The Court concludes that some ambiguity remains in the record as to whether plaintiff is disabled. Accordingly, the Court cannot conclude that "further administrative proceedings would serve no useful purpose." *See Trevizo*, 871 F.3d at 682-83.

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 13

Further, the Court cannot find that Medical-Vocational Rule 202.06 is necessarily satisfied when the improperly rejected evidence is credited as true. That rule requires that a claimant have no transferable work skills. *See* Rule 202.06. The vocational expert testified that plaintiff does have transferable work skills. AR 49-50. The vocational expert added, in response to a follow-up question, that plaintiff would not have transferable work skills if she was limited to simple, routine, repetitive work. AR 50. But because the evidence that the ALJ improperly rejected would not necessarily limit plaintiff to simple, routine, repetitive work, the vocational expert's testimony does not justify a finding, at this stage, that plaintiff satisfies Rule 202.06. The ALJ is directed to evaluate plaintiff's eligibility under this rule on remand and to obtain new expert testimony if necessary.

On remand, the ALJ should evaluate the entire record, including medical evidence, plaintiff's testimony, and the lay witness testimony. The ALJ should determine whether Rule 202.06 requires a finding that plaintiff is disabled; whether plaintiff has demonstrated that she is unable to perform her past relevant work, at step four; and—if not—whether she can perform other jobs existing in significant numbers in the national economy, at step five.

## CONCLUSION

For the reasons above, defendant's decision to deny benefits is REVERSED, and this matter is remanded to the Commissioner for further proceedings.

Dated this 14th day of February, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge